# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMIE TRAN,<br><br>        Petitioner,<br><br>   v.<br><br>K. ALLISON, Warden,<br><br>        Respondent.<br>_____/ | 1:11-cv-0816 MJS HC<br><br>ORDER REGARDING PETITION FOR WRIT OF HABEAS CORPUS, GRANTING LEAVE TO FILE AMENDED PETITION AND DIRECTING CLERK OF COURT TO SEND BLANK § 2254 FORM PETITION<br><br>(Doc. 1) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner filed the instant petition labeled "Notice of Appeal and Extension of Time" on May 18, 2011. (ECF No. 1.)

**DISCUSSION**

Rule 2 of the "Rules Governing Section 2254 Cases" provides that the petition "... must specify all the grounds for relief available to the petitioner; state the facts supporting each ground; state the relief requested..."  Rule 2 of the Rules Governing  2254 Cases. Rule 2 further provides that the petition "must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule.  The clerk must make forms available to petitioners without charge." Id. at 2(d).

In addition, Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."

Rule 4 of the Rules Governing 2254 Cases; <u>see</u> <u>also</u> <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir. 1990).

Here, Petitioner has not used the standard form petition and has not stated the grounds for relief, facts supporting such grounds, or the relief he seeks. Instead, Petitioner states he will file a petition and requests an extension of the statute of limitations. The Court lacks the authority to grant an extension of time in which to file a habeas corpus petition. However, Petitioner may file a habeas corpus petition, and then request the petition be stayed to exhaust state remedies once the petition is filed.

The notice filed with the Court may not be sufficient to be considered a habeas corpus petition. The statute of limitations may continue to run until an appropriate petition is filed.

The Court will, however, grant Petitioner leave to file an amended petition.

Accordingly, it is HEREBY ORDERED that:

1. Petitioner is GRANTED thirty (30) days from the date of service of this Order to SUBMIT an AMENDED PETITION.  The amended petition should be clearly and boldly titled "AMENDED PETITION," contain the appropriate case number, and be an original signed under penalty of perjury;

2. The Clerk of Court is DIRECTED to send Petitioner a blank form petition for petitioners filing pursuant to 28 U.S.C. § 2254; and,

3. Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   May 23, 2011            /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE