IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMIE TRAN, | 1:11-cv-00816 MJS (HC) |
| Petitioner, | ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA |
| vs. | |
| K. ALLISON, Warden, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a habeas corpus action pursuant to 28 U.S.C. § 2254.

On May 18, 2011, Petitioner filed the instant petition with the Court. (Pet., ECF No. 1.) As the petition only contained notice and a request for extension of time, the Court ordered Petitioner to file an amended Petition. (Order, ECF No. 2.) On June 27, 2011, Petitioner filed an amended petition with the Court. (Am. Pet., ECF No. 3.) The amended petition challenges Petitioner's 2008 conviction from the Los Angeles County Superior Court.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that

1 is the subject of the action is situated, or (3) a judicial district in which any defendant may be
2 found, if there is no district in which the action may otherwise be brought." 28 U.S.C. §
3 1391(b).

4     However, venue for a habeas action is proper in either the district of confinement or the
5 district of conviction. 28 U.S.C. § 2241(d). The district court for the district wherein such an
6 application is filed in the exercise of its discretion and in furtherance of justice may transfer the
7 application to the other district court for hearing and determination. Id.

8     It is preferable for petitions challenging a conviction or sentence to be heard in the
9 district of conviction while petitions challenging the manner in which the sentence is being
10 executed be heard in the district of confinement. Dunne v. Henman, 875 F.2d 244, 249 (9th
11 Cir. 1989). In this case, Petitioner is challenging the judgment relating to his conviction which
12 occurred in Los Angeles County, California. As Los Angeles County is located in the Central
13 District of California, all of the material events, records, and witnesses are located in that
14 district. In the interest of justice, the petition will be transferred to the United States District
15 Court for the Central District of California. 28 U.S.C. §§ 1404(a) and 2241(d).

16     Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United
17 States District Court for the Central District of California.

18
19 IT IS SO ORDERED.
20 Dated:   June 30, 2011                      /s/ *Michael J. Seng*
                                               UNITED STATES MAGISTRATE JUDGE
21
22
23
24
25
26
27
28

-2-